RECEIVED

2026 SEP 23 A 8:43

TREY GRANGER, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
NORTHERN **DIVISION**

Alana Hall

PLAINTIFF

v.

CASE ACTION NO.: 2:26-cv-00745-RAH-KFP

NaphCare LLC, f/k/a NaphCare, Inc.

DEFENDANT

JURY DEMAND (MARK ONE)

☒ YES ☐ NO

## EEOC COMPLAINT

1. Plaintiff resides at 537 Park Lake Dr, Montgomery, AL 36117

2. Defendant(s)' name(s) NaphCare LLC, f/k/a NaphCare, Inc.

   Location of principal office(s) of the named defendant(s) 2090 Columbiana Road Suite 4000, Birmingham, Alabama 35216

   Nature of defendant(s)' business Correctional healthcare services

   Approximate number of individuals employed by defendant(s) 6,000

3. This action is brought pursuant to Title VII of the Civil Rights Act of 1964 for employement discrimination. Jurisdiction is specifically conferred on the Court by 42 U.S.C. §2000e-5. Equitable and other relief are also sought under 42 §2000e-5(g).

4. The acts complained of in this suit concern:

   1. ☐ Failure to employ me.
   2. ☐ Termination of my employment.
   3. ☐ Failure to promote me.
   4. ☑ Other acts as specified below: Involuntary reassignment and schedule change; sex discrimination, unequal treatment and retaliation. See Attachment to Question 9.

5. Plaintiff is:

A. ___ Presently employed by the defendant.

_X_ Not presently employed by the defendant. The dates of employement were December 2021 - March 9, 2026 Employment was terminated because:

(1) _____ Plaintiff was discharged.
(2) _____ Plaintiff was laid off.
(3) __X__ Plaintiff left job voluntarily.

6. Defendant(s)' conduct is discriminatory with respect to the following:

A. ____ My race.
B. ____ My religion.
C. _X__ My sex.
D. ____ My national origin.
E. ____ Other, as specified below:______________________________

7. The name(s), race, sex, and the position or title of the individual(s) who allegedly discriminated against me during the period of my employment with the defendant company is (are) Deonne Hopkins - Black female, Health Services Administrator - HSA; La'Kessia Herbert - Black female, Director of Nursing - DON; Kiesha Pettway - Black female, Jail Operations

8. The alleged discrimination occurred on or about Dec. 16, 2025 through Feb. 23, 2026.

9. The nature of my complaint, i.e., the manner in which the individual(s) named above discriminated against me in terms of the conditions of my employment, is as follows: See attached continuation to Question 9.

10. The alleged illegal activity took place at Montgomery County Youth Facility, Montgomery County Detention Facility, and through NaphCare management/HR communications via phone, email, and Zoom meetings.

11. I filed charges with the Equal Employment Opportunity Commission regarding defendant(s)' alleged discriminatory conduct on or about January 22, 2026.
I have attached a copy of the Notice-of-Right-to-Sue letter issued by the Equal Employment Opportunity Commission. The letter was received by me on August 28, 2026.

12. I seek the following relief:

A. X Recovery of back pay.
B. ___ Reinstatement to my former job, and any other relief as may be appropriate, including injunctive orders, damages, costs, and attorneys fees.

Date: 9/23/26

[signature]
Signature of Plaintiff

537 Park Lake Dr,
Montgomery, AL 36117
(251) 525-0280
Address & Telephone Number of Plaintiff

## ATTACHMENT TO QUESTION 9 - NATURE OF COMPLAINT

Alana Hall v. NaphCare LLC, f/k/a NaphCare, Inc.

I was employed by NaphCare as a Registered Nurse and primarily worked at the Montgomery County Youth Facility.

In November 2025, my supervisor, Health Services Administrator Deonne Hopkins, instructed me to use accrued PTO and removed scheduled shifts for PTO despite my requests to remain scheduled. On November 24, 2025, I contacted Human Resources (HR) for clarification of NaphCare's PTO policy. On December 2, 2025, HR informed me that my interpretation of the PTO rollover policy was correct and copied Hopkins and Director of Nursing Herbert on the response.

On December 8, 2025, Hopkins and Herbert met with me and issued several directives concerning my work at the Youth Facility. On December 9, Hopkins sent a written recap. I subsequently asked questions about the directives and applicable policies because I wanted to ensure that I remained in compliance. I did not refuse to follow the directives and stopped the activities I was instructed to stop. On December 12, Hopkins responded that the directives would stand and that noncompliance would result in disciplinary action. Because my questions remained unanswered, I requested involvement from higher-level management.

On December 16, 2025, Hopkins notified me that my primary work location was being changed from the Montgomery County Youth Facility to the Montgomery County Detention Facility. The written notice stated that the decision was based on a determination that 'adherence to existing directives may present challenges' in my current role and that another environment would be more suitable. The change also required me to work rotating weekends.

I requested a meeting concerning the reassignment. During a December 30, 2025 meeting with Hopkins, Herbert, HR, and Jail Operations, Hopkins explained that I was being moved to the Montgomery County Detention Facility for a 'short period of time' because she believed I needed a 'reset,' and stated that after the reset they had no problem returning me to the Youth Facility. This temporary 'reset' explanation had not been stated in the December 16 reassignment notice.

During the December 30 meeting, I maintained that I had followed the directives and was seeking clarification rather than refusing to comply. I also explained that the schedule change created a childcare hardship and requested additional time to make the transition. Management nevertheless maintained that the reassignment would occur.

I was scheduled to begin the Montgomery County Detention Facility assignment on January 4, 2026. My maternal grandmother died on January 3, 2026, and I notified Hopkins that I could not report for the January 4 shift. I subsequently used approved bereavement leave for my scheduled workdays. My leave thereafter transitioned into approved FMLA leave. I did not refuse to report to the Detention Facility.

On January 5, 2026, after my individual reassignment had already been announced, Hopkins sent an email to nursing staff announcing cross-training of RNs between the Montgomery County Detention Facility and Montgomery County Youth Facility. I questioned how this explanation related to the different reason previously given for my individual reassignment.

On January 12, 2026, I submitted a formal written complaint to HR alleging sex discrimination, retaliation, and unequal treatment. I complained that female employees appeared to receive greater scrutiny and more severe corrective action than male employees. I identified a male employee, Clausell, whose reported workplace conduct I believed had been treated differently. I did not claim to know every disciplinary action NaphCare had taken against him.

On January 20, 2026, HR interviewed me regarding my complaint. During that meeting, I discussed the earlier PTO dispute and the December 2 HR response confirming that my interpretation of the PTO policy was correct. I explained that I believed the PTO dispute may have marked the beginning of the later problems, while acknowledging that I could not know Hopkins's actual intent and could only provide the timeline and facts.

I also explained the sequence between the December 16 reassignment notice, the December 30 temporary 'reset' explanation, and the January 5 cross-training announcement. I told HR that my requested resolution was to remain at the Montgomery County Youth Facility with my prior schedule.

At the conclusion of the January 20 meeting, HR told me that recommendations would be reviewed internally. I specifically asked to receive an update before returning from leave because I did not want to be blindsided regarding the conditions of my return. HR told me that I could follow up the following week.

On February 6, 2026, I participated in another HR meeting concerning my January 12 complaint. HR told me that the details of the resolution and next steps would not be discussed until I returned to work. HR explained that because I had been on leave and had not yet physically worked at the Montgomery County Detention Facility, 'nothing has actually happened.' HR nevertheless confirmed that my requested resolution was to remain at the Montgomery County Youth Facility with my existing schedule.

During that meeting, I told HR that I still did not know what I would be returning to and that the thought of returning to the Montgomery County Detention Facility and dealing directly with Hopkins caused significant anxiety and made me feel physically sick. At that time, I was still scheduled to return to the Montgomery County Detention Facility on or around February 24, 2026, following reevaluation by my medical provider. HR did not tell me that the reassignment had been rescinded or that I would be permitted to return to the Montgomery County Youth Facility. Instead, HR told me that the investigation's conclusion, resolution, and next steps would be discussed when I returned to work.

On February 19, 2026, my physician documented worsening anxiety associated with work-related stress and the prospect of returning to work, including worsening symptoms following a recent HR meeting, and extended my FMLA leave.

On February 23, 2026, while still on approved leave, I submitted my resignation effective March 9, 2026. My resignation explained that several workplace concerns remained unresolved and that I lacked sufficient information regarding the investigation outcome and the conditions under which I would be returning.

I believe that NaphCare subjected me to unequal treatment because of my sex and retaliated against me after I raised concerns regarding sex discrimination and unequal treatment.

## ATTACHMENT TO QUESTION 12 - RELIEF REQUESTED

Alana Hall v. NaphCare LLC, f/k/a NaphCare, Inc.

Plaintiff does not seek reinstatement. Plaintiff requests back pay and lost employment benefits, including proven losses associated with wages, paid leave, and health-insurance costs; front pay in lieu of reinstatement; compensatory damages, including damages for emotional distress and other proven losses; punitive damages to the extent permitted by law; costs and any attorney's fees recoverable by law; appropriate declaratory and injunctive relief; and any other relief the Court determines to be just and proper.